# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### (Tampa Division)

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | CASE NO. |
| | ) | 8:03-CV-1895-T-23TGW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VIATICAL CAPITAL, INC., | ) | |
| d/b/a LIFE SETTLEMENT NETWORK, | ) | |
| LIFE INVESTMENT FUNDING ENTERPRISES, INC., | ) | |
| CHARLES DOUGLAS YORK, AND | ) | |
| ROBERT KINGSTON COYNE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER APPOINTING RECEIVER

**WHEREAS**, Plaintiff Securities and Exchange Commission ("SEC" or "Commission") has filed an emergency motion for the appointment of a Receiver for Viatical Capital Inc., d/b/a Life Settlement Network ("VCI"), and Life Investment Funding Enterprise, Inc. ("Life Investment"), with full and exclusive power, duty and authority to administer and manage the business affairs, funds, assets, choses in action and any other property of VCI and Life Investment, marshal and safeguard all of the assets of VCI and Life Investment, and take whatever actions are necessary for the protection of investors.

**WHEREAS**, the Commission has made a sufficient and proper showing in support of the relief requested by evidence demonstrating a *prima facie* case of violations of the federal securities laws by VCI and Life Investment.



1

**WHEREAS**, the Commission has submitted the credentials of a candidate to be appointed Receiver of all of the assets, properties, books and records, and other items of VCI and Life Investment, including any properties, assets and other items held in the names of VCI and Life Investment's principals, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court.

**NOW, THEREFORE, it is ORDERED, ADJUDGED, AND DECREED** that _David M. Levine of TusCanduas LLP_ is hereby appointed the Receiver for VCI and Life Investment, their subsidiaries, successors and assigns, and is hereby authorized, empowered and directed to:

1. Take immediate possession of all VCI and Life Investment's property, assets and estate, and all property of VCI and Life Investment of every kind whatsoever and wheresoever located belonging to or in the possession of VCI and Life Investment, including, but not limited to all offices maintained by VCI and Life Investment, rights of action, books, papers, data processing records, evidence of debt, bank accounts, savings accounts, trusts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, computers (including, but not limited to, the personal computer(s) of Charles Douglas York located at his personal residence), office supplies and equipment, and all real property of VCI and Life Investment, wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order from this Court.

2

2. Investigate the manner in which the affairs of VCI and Life Investment, were conducted and institute such actions and legal proceedings, for the benefit and on behalf of VCI and Life Investment's investors and other creditors, as the Receiver deems necessary against those individuals, corporations, partnerships, associations and or unincorporated organizations, which the Receiver may claim to have wrongfully, illegally or otherwise improperly misappropriated or transferred monies or other proceeds directly or indirectly traceable from investors in VCI and Life Investment including against VCI and Life Investment, their officers, directors, employees, agents, trustees, holding companies, affiliates, subsidiaries or any persons acting in concert or participation with them, or against any transfers of monies or other proceeds directly or indirectly traceable from investors in VCI and Life Investment; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order.

3. Present to this Court a report reflecting the existence and value of the assets of VCI and Life Investment and of the extent of their liabilities, both those claimed to exist by others and those which the receiver believes to be legal obligations of VCI and Life Investment.

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and to pay their reasonable compensation and reasonable expenses thereof and all

reasonable expenses of taking possession of VCI's and Life Investment's assets and business, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation.

5. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the Unites States Marshals Service or a private security firm.

6. Defend, compromise or settle legal actions, including the instant proceeding, wherein VCI and Life Investment or the Receiver is a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where VCI and Life Investment is a nominal party, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of VCI and Life Investment, the Receiver may file appropriate pleadings in the Receiver's discretion. The Receiver may waive any attorney-client or other privilege held by VCI and Life Investment.

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of VCI and Life Investment and, upon, order of this Court, of any of their subsidiaries or affiliates; provided that the Receiver deems it necessary.

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the

incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging the Receiver's duties.

9. Have access to and review all mail of VCI and Life Investment and the mail of Defendants Charles Douglas York ("York"), and Robert Kingston Coyne ("Coyne"), (except for mail that appears on its face to be purely personal or attorney-client privileged), received at any office of VCI and Life Investment. All mail addressed to York and Coyne that is opened by the Receiver that, upon inspection, is determined by the Receiver to be personal or attorney-client privileged, shall be promptly delivered to the addressee and the Receiver shall not retain any copy thereof.

**IT IS FURTHER ORDERED** that, in connection with the appointment of the Receiver provided for above:

10. VCI and Life Investment, and all of their directors, officers, **agents**, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of VCI and Life Investment shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of VCI and Life Investment.

11. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, VCI and Life Investment shall cooperate expeditiously in the granting

of control and authorization as a necessary signatory as to said assets and accounts to the Receiver.

12. Unless and as authorized by the Receiver, VCI and Life Investment and their principals shall take no action, nor purport to take any action, in the name of or on behalf of VCI and Life Investment.

13. VCI and Life Investment and their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, appearing for deposition testimony and producing documents, upon two (2) business day's notice (which may be sent by facsimile), and shall take no action directly or indirectly, to hinder, obstruct or otherwise interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above.

14. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by VCI and Life Investment; said amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to the approval of the Court.

15. During the period of the receivership, all person, including creditors, banks, investors, or others with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way distributing the assets or proceeds of the receivership or from prosecuting

any actions or proceedings which involve the Receiver or which affect the property of VCI and Life Investment.

16. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to VCI and Life Investment.

17. Title to all property, real or personal, all contacts, right of action and all books and records of VCI and Life Investment and their principals, wherever located within or without this state, is vested by operation of law in the Receiver.

18. Upon request by the Receiver, any company providing telephone services to VCI, and Life Investment shall provide a reference of calls from the number presently assigned to VCI and Life Investment to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership.

19. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal service to VCI and Life Investment shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

20. The United States Postal Service is directed to provide any information requested by the Receiver regarding VCI and Life Investment, and to handle future deliveries of VCI's and Life Investment's mail as directed by the Receiver.

21. No bank, savings and loan association, other financial institution, or any person or entity shall exercise any form of set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court.

22.     No bond shall be required in connection with the appointment of the Receiver. Except for acts of gross negligence, the Receiver shall not be liable for any loss or damage incurred by VCI and Life Investment or by the Receiver's officers, agents or employees, or any other person, by reason of any other act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities hereunder.

23.     Service of this Order shall be sufficient if made upon VCI and Life Investment and their principals by facsimile or overnight courier.

24.     In the event that the Receiver discovers that funds of persons who have invested in VCI and Life Investment have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds.

25.     Immediately upon entry of this Order, the Receiver may take depositions upon oral examination of, and obtain the production of documents from, parties and non-parties subject to two (2) business days notice. In addition, immediately upon entry of this Order, the Receiver shall be entitled to serve interrogatories, request for the production of documents and requests for admissions. The parties shall respond to such discovery requests within five (5) calendar days of service. Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier, depositions may be taken by phone or other remote electronic means.

26. This Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED** this 8th day of September, 2003, at Tampa, Florida.

*[signature]*
_____
**UNITED STATES DISTRICT JUDGE**

Copies to:

Alise Johnson
Senior Trial Counsel
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

F I L E   C O P Y

Date Printed: 09/09/2003

Notice sent to:

    ___   Alise Johnson, Esq.
          Securities and Exchange Commission
          801 Brickell Ave., Suite 1800
          Miami, FL   33131

          8:03-cv-01895     rm

    ___   David M. Levine
          Tew Cardenas Rebak, et al.
          201 S. Biscayne Blvd.
          Miami Center, 26th Floor
          Miami, FL   33131

          8:03-cv-01895     rm