UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.                                                              CASE NO: 8:03-cv-1895-T-23TGW

VIATICAL CAPITAL, INC.,
d/b/a LIFE SETTLEMENT NETWORK
et al.,

     Defendants.

_____/

## ORDER

     The receiver files a motion (Doc. 297), pursuant to the Court's January, 2005

order (Doc. 267) outlining the bid procedure, to approve the sale of a portfolio of life

insurance policies (the "RFG portfolio") to Abacus Settlements, LLC ("Abacus").

     In September, 2003, the Court appointed (Doc. 12) David Levine as receiver for

the receivership entities.[1]  A January, 2005 order (Doc. 267) outlined the procedure to

solicit offers to purchase all or part of the RFG portfolio.[2]  The Court finds that the

_____

     [1] The "receivership entities" consist of Resource Funding Group, Inc., RFG Trust, Life Investment Funding Enterprises, Inc., Viatical Capital, Inc., Viatical Marketing, Inc., Investment Capital Marketing, Inc., Premiere Investment Capital, Inc., and the limited liability companies into which the investors' funds were placed. The Court has jurisdiction over the receivership entities and the RFG portfolio.

     [2] Resource Funding Group and RFG Trust own the RFG portfolio, which consists of thirty-eight (38) life insurance policies with a face value of approximately $50.2 million.

receiver fully and fairly marketed the RFG portfolio in an effort to obtain the highest return to the investors and creditors of the receivership estate.  Further, the Court finds that the sale of the RFG portfolio is in the best interests of the receivership estate and its investors and creditors.

Abacus submits the highest and best bid ($16,596.603.96) for the purchase of the RFG portfolio.  Abacus bids for the entire RFG portfolio and offers an all cash bid.  The receiver provided notice of the proposed sale to Abacus and the June, 2005, hearing to all investors and creditors with allowed claims and to other interested parties, including the SEC and the unselected bidders.  No party objected to the proposed sale at the hearing and no party files an objection in writing.  Additionally, both the SEC and Charles Douglas York approve the receiver's request to approve the sale. Consequently, the Court finds that Abacus is a good faith purchaser for value of the RFG portfolio and that the continued maintenance and servicing of the RFG portfolio by Abacus, its successors or assigns upon the completion of the RFG portfolio sale is reasonable and necessary.

For the reasons stated above and upon careful consideration of the motion (Doc. 297), the purchase agreement (Doc. 297, Ex. A) , and the testimony from a June, 2005, hearing (Doc. 303) on the motion, the receiver's motion (Doc. 297) to approve the sale is **GRANTED**.  The receiver is authorized to sell the RFG portfolio to Abacus for $16,596,603.96 in cash, pursuant to the terms of the purchase agreement (Doc. 287, Ex. A).

The receiver shall execute any document and take any action on behalf of Resource Funding Group, Inc., and RFG Trust necessary to complete the sale of the

RFG portfolio, including but not limited to assignment of forms, change of ownership, and change of beneficiary forms and any other documents that may be required by the issuing insurance companies.  The respective issuing insurance companies shall rely on this order and the signature of the receiver to effect the required assignment, changes of ownership, and changes of beneficial interest of the life insurance policies in the RFG portfolio.  Effective upon the closing date for the sale of the RFG portfolio and the transfer of all sums to the receiver as set forth in the purchase agreement (Doc. 297, Ex. A), the receiver shall cause the issuing carriers for the RFG portfolio to effectuate the transfer of ownership of beneficiary rights of those policies to Abacus, its successors or assigns.

Effective on the closing date, the sale of the RFG portfolio shall be free and clear of any liens, claims, interests, or encumbrances and all right, title, and interest of Resource Funding Group, Inc., RFG Trust, or any other entities subject to the receivership estate in the RFG portfolio shall be divested and extinguished.

Effective on the closing date, any prior documentation executed by the original insureds for the servicing and continued maintenance of the policies comprising the RFG portfolio (including but not limited to authorizations to release medical records, authorizations to release insurance information, authorizations for periodic health status reports, and authorizations to obtain death certificates (collectively, "authorizations")) and executed in favor of any of the receivership entities, the receiver, or Lawton Reylyn are transferred and assigned to Abacus, its successors or assigns as if the insured executed the document originally in favor of Abacus.  Authorizations remain valid and enforceable through the date of death of the insured.  Effective on the closing date, any

physician, medical personnel, clinic, hospital, medical center, related healthcare

provider, or issuing insurance company shall release any information concerning an

insured's health or physical condition and life insurance information to Abacus, its

successors or assigns upon the receipt of a certified copy of this order.  Any third party,

including the issuing insurance company of any RFG portfolio policy shall rely on this

authorization and shall comply with any request or instruction from Abacus, its

successors or assigns for information regarding an insured's health or physical

condition and life insurance information.

The Court retains jurisdiction to enforce this order and to effectuate the sale of the

RFG portfolio, pursuant to the purchase agreement (Doc. 297, Ex. A), and over any

dispute between the receiver, Abacus, and any third party arising from this sale.

ORDERED in Tampa, Florida, on July 1, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   David M. Levine, Receiver
      Stephen L. Ziegler, Esq.
      Counsel of Record
      *Pro Se* Parties